DAVID C. JARRELL                              CIVIL ACTION

VERSUS                                        NO: 12-510

LAW OFFICE OF SIDNEY D.                       SECTION: "A" (2)
TORRES, III, APLC

### ORDER AND REASONS

Before the Court is a **Motion for Partial Dismissal of Plaintiff's Complaint for Failure To State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 13)** filed by defendant, Law Offices of Sidney D. Torres, III, APLC. Plaintiff, David C. Jarrell, opposes the motion. The motion, set for submission on June 20, 2012, is before the Court on the briefs without oral argument.

This case arises out of a claim against the Law Offices of Sidney D. Torres, III, APLC, for the alleged copyright infringement of a legal case management software system developed and owned by plaintiff, David C. Jarrell. (Amended Complaint ¶ 4). Prior to July 1, 2011, Defendant used the system under a licensing agreement with Jarrell. (Opposition, Rec. Doc. 15, at 1). Therefore, the infringement at issue in this case pertains to use that occurred on and after July 1, 2011. (Amended Complaint ¶ 6). The effective dates on Jarrell's copyright registrations range from August 3, 2011, to August 9, 2011.

1

(Complaint, Rec. Docs. 1-2 & 1-2). Jarrell initiated this lawsuit to recover all damages sustained as a result of the infringement and to enjoin Defendant from further infringement. The original complaint also included a claim for attorney's fees pursuant to 17 U.S.C. § 505.[1]

Via the instant motion Defendant moves to dismiss the § 505 attorney's fee claim. Defendant argues that dismissal is appropriate because the effective date of the registrations is more than three months after the alleged publication date listed on each certificate, and because the alleged infringement occurred before the registrations became effective.[2]

---

[1]

> **Remedies for infringement: Costs and attorney's fees.** In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C.A. § 505 (West 2005).

[2]

> **Registration as prerequisite to certain remedies for infringement.** In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--

Shortly after Defendant filed its motion, Plaintiff moved to amend his complaint to withdraw the request for § 505 attorney's fees. Therefore, Defendant's motion is moot as to this point. However, Defendant requests its own attorney's fees in conjunction with filing the instant motion and asserts that the dismissal should be with prejudice.

Defendant's motion is moot as to the § 505 claim for attorney's fees.[3] The Court will not award Defendant its own attorney's fees in conjunction with filing this motion. Assuming that Defendant is a "prevailing party," the Court declines to exercise its discretion to award fees at this juncture. While it is true that Defendant would not have filed the instant motion but for Jarrell's unsupported § 505 claim, it also stands true that Jarrell would not have filed his original complaint at all but for the alleged infringement that forms the basis of this

---

**(1)** any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

**(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C.A. § 412 (West 2005 & Supp. 2012).

[3] It is undisputed that Plaintiff properly amended his complaint in conformance with the Federal Rules.

3

lawsuit. If the trier of fact ultimately finds no merit to Jarrell's infringement claims then as a prevailing party Defendant can move for its attorney's fees pursuant to § 505. Moreover, Defendant might have avoided filing the instant motion by requesting that Jarrell withdraw the § 505 claim but it is not clear to the Court that this occurred and that Jarrell simply balked.

Further, the Court sees no basis for a dismissal with prejudice. Because Jarrell is conceding Defendant's argument with respect to the specific infringement dates alleged, there is no danger of the § 505 claim being resurrected on the facts *currently* alleged. But Defendant has yet to even answer the complaint and discovery is in its infancy in this case. As Plaintiff points out in his opposition, discovery may very well lead to other infringement dates, which while not currently pled, would surely form the basis for an amended complaint. The Court agrees that it is simply too early to completely foreclose the possibility of a § 505 claim by dismissing it with prejudice.[4]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Dismissal of**

---

[4] It also occurs to the Court that the debate over whether the dismissal should be with or without prejudice is essentially meaningless. Until a final judgment issues in the case all dismissals are in effect *without* prejudice because this Court always has discretion to revisit a prior ruling while the case remains pending.

4

**Plaintiff's Complaint for Failure To State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 13)** filed by defendant, Law Offices of Sidney D. Torres, III, APLC is **DENIED.**

June 21, 2012

———————————————————
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE